**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50181 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00822-JLS-1 |
| v. | |
| NAHIM AGUILAR-SANCHEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted April 10, 2012
Pasadena, California

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and BLOCK, Senior District Judge.**

On March 10, 2010, Nahim Aguilar-Sanchez was indicted on one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. After he unsuccessfully moved to dismiss the indictment, he entered a conditional

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

guilty plea and was sentenced principally to 84 months in prison. He now appeals on the ground that his prior deportation was invalid. *See* 8 U.S.C. § 1326(d).

Aguilar-Sanchez was previously deported as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). At a 1998 deportation hearing, the immigration judge asked Aguilar-Sanchez and three other aliens the following question: "Do any of you have the money to pay your way to pay voluntarily to Mexico? That would be about $225." Aguilar-Sanchez responded, "No." The IJ then found that Aguilar-Sanchez was not eligible for any relief from removal and issued an order of removal. Aguilar-Sanchez reentered the United States in 2007. In 2009, the government reinstated the 1998 deportation order and removed him to Mexico. He reentered again in January 2010, leading to the indictment at issue here.

The district court ruled that any error in the IJ's failure to advise Aguilar-Sanchez of the availability of voluntary departure in connection with the 1998 deportation was harmless because the record shows that Aguilar-Sanchez said he did not have the funds to pay his own way home. The problem with the IJ's question is that it was not sufficiently specific. It could have been understood to be inquiring whether the alien had the requisite cash on his person at that very

moment. Aguilar-Sanchez's response could not therefore be relied upon to conclude that he lacked the means to depart the United States at his own expense.

Aguilar-Sanchez suffered prejudice because voluntary departure was "a plausible ground for relief from deportation." *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004) (internal quotation marks omitted).

The 2009 removal is invalid because it rested solely on the defective 1998 removal order. *See United States v. Arias-Ordonez*, 597 F.3d 972, 978 (9th Cir. 2010) (Where "the original removal was statutorily and constitutionally flawed . . . the reinstatement[] stand[s] on no stronger legal basis.").

Accordingly, we reverse the district court's denial of the motion to dismiss the indictment of Aguilar-Sanchez and vacate his conviction under § 1326.

**REVERSED AND VACATED**.